**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CITY OF CHICAGO, ILLINOIS | ) | FILED: JUN 6, 2008 |
| | ) | 08CV3281 |
| Plaintiff, | ) | JUDGE MANNING |
| | ) | MAGISTRATE JUDGE KEYS |
| v. | ) | RCC |
| | ) | |
| eBAY INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1332 and 1441, defendant eBay Inc. ("eBay") hereby gives notice of the removal of this civil action from the Circuit Court of Cook County, Illinois, Law Division, to the United States District Court for the Northern District of Illinois. In support of this Notice of Removal, defendant states as follows:

1.     Plaintiff City of Chicago commenced this action by filing a Complaint in the Circuit Court of Cook County, Illinois, Law Division, Tax & Miscellaneous Remedies Section, on May 19, 2008, styled *City of Chicago, Illinois v. eBay Inc.*, No. 2008L050524 (the "State Court Action"). *See* Complaint, attached hereto as Ex. A.

2.     The Complaint alleges that defendant eBay facilitates the resale of tickets to sporting events, cultural events and other amusements taking place in the City of Chicago and seeks a declaratory judgment that eBay is required to collect and remit taxes allegedly due under the City's Amusement Tax Ordinance if and to the extent that the price of such tickets exceeds their face value. The City also seeks a writ of mandamus compelling eBay to produce its books and records to the City's Department of Revenue so the Department can conduct an audit, the

imposition of fines for failing to produce such books and records in response to the City's demand, and a monetary judgment for the amount of taxes, plus interest and penalties, that eBay allegedly owes to the City. *See* Complaint at 1 (describing the "Nature of the Action").

3.     Defendant eBay accepted service of the summons and Complaint in the State Court Action on May 19, 2008.

4.     This Notice of Removal is timely because it is being filed within thirty (30) days from the date the defendant was served with the summons and Complaint. *See* 28 U.S.C. § 1446(b).

## GROUNDS FOR REMOVAL

5.     Removal is proper under 28 U.S.C. §§ 1332 and 1441 because there is complete diversity of citizenship between the plaintiff and the defendant and the amount in controversy exceeds $75,000. *See, e.g.*, *City of Philadelphia v. Opinion Dynamics Corp.*, 185 F.Supp.2d 442 (E.D. Pa. 2002) (action to collect municipal taxes was properly removed based on diversity jurisdiction); *School Board of the Parish of St. Charles, Louisiana v. Quala Systems, Inc.*, 159 F.Supp.2d 295 (E.D. La. 2001) (same).

6.     Specifically, as plaintiff alleges in its Complaint (¶ 1), the City of Chicago was at the time this action was commenced, and continues to be, a municipal corporation and a home rule unit under the Illinois Constitution of 1970. As such, it is a citizen of Illinois. *See Illinois v. City of Milwaukee*, 406 U.S. 91, 97 (1972) ("It is well settled that for the purposes of diversity of citizenship, political subdivisions are citizens of their respective States"); *City of Chicago v. Yukon National Bank*, 1984 U.S. Dist. LEXIS 15715 at *3 (N.D. Ill. June 20, 1984) (the City of Chicago is "a citizen of Illinois for diversity purposes")

7.     Defendant eBay was at the time this action was commenced and continues to be a Delaware corporation with its principal place of business in California.

8.     While the City's Complaint does not set forth a specific sum of damages sought against eBay, it is apparent that the amount in controversy is in excess of $75,000, exclusive of interest and costs.  Among other things, the City claims that eBay has facilitated the resale of "thousands" of tickets to amusements taking place in the City of Chicago from 2000 to the present, which allegedly subjected it to an obligation to collect and remit taxes under the Amusement Tax Ordinance.  Complaint ¶¶ 19-21. The City also seeks to impose on eBay penalties for its failure to comply with a letter sent by the City requesting the production of documents relating to the posting of tickets for sale on eBay's website during the period from January 1, 2000 through the present.  The City claims that it is entitled to a daily fine of $300 to $500 for each day after December 13, 2007 that the requested records are not produced. Complaint ¶¶ 29-30.  As of the date the Complaint was filed, the maximum fines that could be levied under the City's approach equaled $75,000.

## COMPLIANCE WITH REMOVAL PROCEDURES

9.     eBay has complied with all of the procedural requirements for removal set forth in 28 U.S.C. § 1446.  As noted above, the notice of removal is being filed within 30 days of the service of the lawsuit.

10.     Notice of this Removal is being provided to plaintiff, through its attorneys of record, Weston W. Hanscom and Jason L. Rubin, City of Chicago, Department of Law, Revenue Litigation Division, 30 N. LaSalle Street, Suite 900, Chicago, Illinois 60602, and the Circuit Court of Cook County, Illinois.

11.     Pursuant to § 1446(d), a copy of this Notice of Removal will be filed with the Circuit Court of Cook County, in Case No. 2008 L 050524.

12.     A copy of all process, pleadings and orders served on the defendant is attached hereto.

WHEREFORE, for the foregoing reasons, defendant removes this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division and respectfully requests that the Court exercise jurisdiction over this action.

Respectfully submitted,

eBay Inc.

Dated: June 6, 2008                    By: s/Lori E. Lightfoot_____
                                              One of its attorneys

Michele Odorizzi
Lori E. Lightfoot
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
312-782-0600

Charles A. Rothfeld
MAYER BROWN LLP
1909 K Street, N.W.
Washington, D.C. 20006
202-263-3000

Michael J. Kelly
Jill E. Anderson
FREEBORN & PETERS LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606
 312-360-6000

<u>**CERTIFICATE OF SERVICE**</u>

I, Lori E. Lightfoot, an attorney, hereby certify that on June 6, 2008, I caused a copy of the foregoing Notice of Removal to be served via United States Mail, first class postage prepaid, upon the following:

Weston W. Hanscom
Jason L. Rubin
City of Chicago
Department of Law
 Revenue Litigation Division
30 North LaSalle Street, Suite 900
Chicago, IL 60602-2580

s/Lori E. Lightfoot

# EXHIBIT A

| 2120 - Served | 2121 - Served | | |
|---|---|---|---|
| 2220 - Not Served | 2221 - Not Served | | |
| 2320 - Served By Mail | 2321 - Served By Mail | | |
| 2420 - Served By Publication | 2421 - Served By Publication | | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( | ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, _____ LAW _____ DIVISION

(Name all parties)

CITY OF CHICAGO, ILLINOIS          Plaintiff,

v.

eBay, Inc.                         Defendant.

}

```
2008L050524
CALENDAR/ROOM 1
TIME 00:00
Tax
```

No. _____

## SUMMONS

**To each Defendant:**

 YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 801 _____, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

 This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.
AT **MAY 19 2008**

| | |
|---|---|
| Atty. No.: 90909 | WITNESS, _____, _____ |
| Name: Jason Rubin | |
| Atty. for: Plaintiff - City of Chicago | |
| Address: 30 North LaSalle St., Ste 900 | Clerk of Court |
| City/State/Zip: Chicago, IL 60602 | Date of service: _____, _____ |
| Telephone: 312-744-4174 | (To be inserted by officer on copy left with defendant' or other person) |

Service by Facsimile Transmission will be accepted at: _____

_____
(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

CITY OF CHICAGO, ILLINOIS          Plaintiff,
                    v.                                                    No.
eBay, Inc.,                                      Defendant.
                                                                          2008L050524
                                                                          CALENDAR/ROOM 1
                                                                          TIME 00:00
                                                                          Tax

## CIVIL ACTION COVER SHEET - CASE INITITATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the
complaint in all civil actions. The information contained herein is
for administrative purposes only and cannot be introduced into
evidence. Please check the box in front of the appropriate case type
which best characterizes your action. ONLY ONE (1) CASE TYPE
MAY BE CHECKED WITH THIS COVER SHEET.

(FILE STAMP)

Jury Demand ☐ Yes ☒ No

### PERSONAL INJURY/WRONGFUL DEATH
CASE TYPES:
- ☐ 027 Motor Vehicle
- ☐ 040 Medical Malpractice
- ☐ 047 Asbestos
- ☐ 048 Dram Shop
- ☐ 049 Product Liability
- ☐ 051 Construction Injuries
  (including Structural Work Act, Road
  Construction Injuries Act and negligence)
- ☐ 052 Railroad/FELA
- ☐ 053 Pediatric Lead Exposure
- ☐ 061 Other Personal Injury/Wrongful Death
- ☐ 063 Intentional Tort
- ☐ 064 Miscellaneous Statutory Action
  *(Please Specify Below**)*
- ☐ 065 Premises Liability
- ☐ 078 Fen-phen/Redux Litigation
- ☐ 199 Silicone Implant

### COMMERCIAL LITIGATION
CASE TYPES:
- ☒ 002 Breach of Contract
- ☐ 070 Professional Malpractice
  (other than legal or medical)
- ☐ 071 Fraud
- ☐ 072 Consumer Fraud
- ☒ 073 Breach of Warranty
- ☒ 074 Statutory Action
  *(Please Specify Below**)*
- ☐ 075 Other Commercial Litigation
  *(Please Specify Below**)*
- ☐ 076 Retaliatory Discharge

### TAX & MISCELLANEOUS REMEDIES
CASE TYPES:
- ☐ 007 Confession of Judgment
- ☐ 008 Replevin
- ☒ 009 Tax
- ☐ 015 Condemnation
- ☐ 017 Detinue
- ☐ 029 Unemployment Compensation
- ☐ 036 Administrative Review Action
- ☐ 085 Petition to Register Foreign Judgment
- ☐ 099 All Other Extraordinary Remedies

### OTHER ACTIONS
CASE TYPES:
- ☐ 062 Property Damage
- ☐ 066 Legal Malpractice
- ☐ 077 Libel/Slander
- ☐ 079 Petition for Qualified Orders
- ☐ 084 Petition to Issue Subpoena
- ☐ 100 Petition for Discovery

** _____

By: _____
      (Attorney)                    (Pro Se)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION
## TAX & MISCELLANEOUS REMEDIES SECTION

CITY OF CHICAGO, ILLINOIS,      )
                                    )
              Plaintiff,      )
                                    )
              vs.         )    No.
                                    )
eBay, INC.                    )
                                    )
              Defendant.   )

## COMPLAINT

Plaintiff, City of Chicago, Illinois ("City"), by its attorney, Mara S. Georges, Corporation

Counsel, complains of Defendant and alleges as follows:

## NATURE OF THE ACTION

This case concerns the City's Amusement Tax, Chicago Municipal Code ("Code"),

Chapter 4-156 (the "Tax"). Defendant is a business that regularly derives substantial income

from facilitating the resale of tickets to sporting events, cultural events and other amusements

taking place in the City. The City brings this action against Defendant for: (1) a declaratory

judgment that Defendant is required to collect and remit the Tax; (2) a writ of mandamus

requiring Defendant to produce its books and records to the City's Department of Revenue (the

"Department"), so that the Department can conduct an audit; (3) fines for failing to produce its

books and records; and (4) a monetary judgment in the amount of the Tax, interest and penalties

that Defendant owes to the City.

## PARTIES

1.     The City is a municipal corporation and a home rule unit under the Illinois Constitution of 1970.

2.     Defendant eBay, Inc. ("eBay" or "Defendant") is a Delaware corporation which conducts business worldwide over the Internet.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 because:  (a) Defendant has transacted business in Illinois out of which this cause of action arises; and (b) Defendant regularly does business within Illinois.

4.     Venue is proper in this Court pursuant to Section 735 ILCS 5/2-101 since Defendant regularly conducts business within Cook County, Illinois, and such business gives rise to this cause of action.

## OPERATIVE FACTS

5.     Defendant owns and operates the website www.ebay.com, which acts as an auction web site for millions of customers worldwide who desire to sell property including tickets to sporting events, cultural events and other amusements.  Through its web site, Defendant has facilitated the sale of thousands of tickets to the public for such amusements taking place in the City.

6.     Specifically, Defendant's web site provides navigable hyperlinks through which customers may search for and purchase tickets to various amusements taking place within the City.  Customers can search for available tickets by the type of event, date, venue or city.  For

example, on Defendant's website, a customer can search for all tickets to Chicago events, which results in hundreds upon hundreds of listings of tickets available for purchase.

7.    Defendant's web site is highly inter-active.  It includes numerous fields to be filled in by customers, by which the customers provide Defendant with a wide range of information.  Specifically, before a user may either purchase or sell via eBay, that user must become registered, which requires that the user provide eBay with his or her name, address, phone number, and email address.  Becoming a registered user also requires acceptance of eBay's User Agreement and Privacy Policy.

8.    Registered users who then wish to sell tickets must provide additional information, such as: the event for which tickets are offered, and the dates, times, venues and location of such event.  Sellers must also choose one of two options for how to sell their ticket—either auction and/or set-price.  In an auction, the seller sets the per-ticket minimum price and the duration of the auction.  At the auction's conclusion, the seller will sell the ticket to whichever buyer has submitted the highest bid.  Sellers may also set a "reserve price."  This is an amount which the auction must exceed before the item will be sold.  For example, if a seller set a reserve price of $100 for an auctioned item, and the bidding only ever went as high as $50, the auction would end without the item being sold.  In the fixed price model, a seller sets a specific price for the ticket, which will immediately sell to the first buyer willing to pay that price.

9.    Registered users who wish to buy tickets also are required to provide eBay with information.  Such a user must search for those tickets he or she wishes to purchase—specifying the event, the venue, the seating locations, and the quantity of tickets desired.  Once eBay processes this information, it will display those tickets available that match the criteria set by the

3

prospective purchaser. If the tickets offered are set up as an auction sale, then the prospective

buyer needs to input the amount of money he or she would like to bid for those tickets. At the

end of the auction, the user with the highest bid will be informed that he or she won the auction

and will be instructed to make payment to the seller of those tickets. If, on the other hand, the

tickets are set up as a "buy it now" sale, the prospective buyer simply clicks the "buy it now"

button and will be prompted to make payment to the seller of the tickets.

10.     In addition to enabling registered users to offer tickets for sale, eBay also enables

registered users to set up electronic store fronts on its website. These "eBay stores" are

webpages used exclusively by one seller. For example, Titletown Promotions is a ticket broker

who operates an eBay storefront, which can be reached by clicking on the "Stores" tab from the

eBay web site and searching by store name. At this eBay web page, all of the tickets offered for

sale come from Titletown Promotions. Alternately, one can search the eBay stores by item. An

eBay store search for "tickets" yields more than 2500 eBay stores selling tickets.

11.     eBay charges listing or "insertion" fees to sellers based on the starting or reserve

price. These fees range from $0.20 to $4.80, depending on the starting or reserve price. Sellers

are also charged a fee based on the final value of their sale. If an offered item is not sold, there is

no fee assessed. If the item is sold for between $0.01 and $25.00, eBay charges the seller 5.25%

of the selling price. If the item is sold for between $25.00 and $1,000, eBay charges the seller

5.25% of the initial $25.00 (i.e. $1.31) plus 3.25% of the remaining amount greater than $25.00.

If the item is sold for $1,000.01 or more, eBay charges the seller 5.25% of the initial $25.00 (i.e.

$1.31), plus 3.25% of the next $975.00 (i.e. $31.69), plus 1.50% of the remaining amount greater

than $1,000.00.

4

12.     eBay also offers sellers various options to assist those sellers in selling their items. Some of these options include larger pictures, longer auction durations, and selling assistance software. All of these additional options are offered at a fee.

13.     In addition to providing sellers with online tools to facilitate the sale of their items, eBay also operates "eBay University." This is not a single location, but instead comprises classes run by eBay employees and/or eBay representatives. These classes teach members of the public how to sell items using eBay. In Illinois, there are more than 30 instructors who teach eBay University classes, including two who are eBay Certified Business Consultants and University Instructors.

14.     Defendant is able to facilitate the sale of tickets to City amusements in substantial part because: (1) tickets to City amusements are issued by venues located in the City; (2) local ticket brokers and other City-based resellers purchase tickets from the local venues; (3) the local ticket brokers or other City-based resellers post the tickets on Defendant's web site; and (4) on information and belief, Defendant maintains other contacts and relationships with individuals and businesses located in the City. The full extent and specifics of Defendant's contacts and business relationships are exclusively within Defendant's custody and control, and the City will need to engage in discovery to determine the full extent and specifics of Defendant's operations and amusement tax liabilities.

15.     Defendant routinely places "cookies" on the computers of its customers, including those who reside in the City.

16.     Prior to September 1, 2006, Section 4-156-030 of the Code provided that it is "the joint and several duty of every owner, manager or operator of an amusement or of a place where

5

an amusement is being held, and **of every reseller of tickets to an amusement**," to collect and remit the Tax. (emphasis added).

17.    Since September 1, 2006, this section has also made it the responsibility "**of every reseller's agent**" to collect and remit the Tax. (emphasis added).

18.    The Ordinance defines "reseller's agent" as "…a person who, for consideration, resells a ticket on behalf of the ticket's owner or **assists the owner in reselling the ticket**. The term includes but is not limited to an auctioneer, a broker or a seller of tickets for amusements, as those terms are used in 65 ILCS 5/11-42-1, and applies whether the ticket is resold by bidding, consignment or otherwise, and whether the ticket is resold in person, at a site on the Internet or otherwise." (emphasis added).

19.    From 2000 through the present, Defendant has facilitated the resale of thousands of tickets to amusements taking place within the City.

20.    In violation of the Ordinance, Defendant has failed to collect or remit the tax from any of those ticket sales to the City.

21.    Pursuant to Code Sections 4-156-030, 3-4-190(A), 3-4-200, 3-4-220 and 3-4-230, Defendant is liable to the City for the Tax that it was required to collect and remit to the Department, plus interest and penalties.

22.    Defendant was also required to register with the Department, keep accurate books and records of its activities, and produce those books and records to the Department upon request. <u>See</u> Code Sections 4-156-030(B) and 3-4-180.

23.    Defendant has failed to register with the Department.

6

24.     On or about February 16, 2007, the Department sent a questionnaire to eBay which sought information and documents with respect to eBay's facilated resales of tickets to Chicago-based amusements from January 1, 2000 through the date of response.   A second request for this information was sent to eBay on or about March 9, 2007.   eBay refused to complete the questionnaire or to produce any of its documents and/or records.   On or about March 30, 2007, eBay notified the Department in writing that it was eBay's belief that the Ordinance could not lawfully or constitutionally be applied to eBay's business transactions.

25.     In accordance with Code §3-4-180(A), on September 25, 2007, the City issued to Defendant a 45-day letter requesting production of "[a]ll reports, listings, compilations, or other documents relating to . . . the posting/listing of tickets for resale to Chicago based events, including but not limited to, sporting events, theater events and music events, from January 1, 2000 through the date of response."   A true and correct copy of this 45-day letter is attached hereto as Exhibit A.

26.     Defendant received this letter on October 29, 2007 as evidenced by return receipt, a copy of which is attached hereto as Exhibit B.

27.     Defendant failed to produce the requested documents within 45 days from receipt of the letter (i.e. December 13, 2007) and, to date, still has failed to produce the requested documents.   Furthermore, since that time, eBay has notified the Department that it also will not submit to an audit of its records.

28.     Section 3-4-180(B) of the Code provides: "[i]f the taxpayer or tax collector fails to provide the documents requested in Subsection A of this section within the time so provided, then . . . the director . . . may request the city's corporation counsel to bring, or cause to be

7

brought, an action to impose fines for disobeying or refusing to comply with a request made under this section.  Fines shall be as provided for in Section 3-4-310 of this chapter."

29.    Code Section 3-4-310 provides that any person found guilty of violating Chapter 3-4, or any tax ordinance, "shall be subject to a fine of not less than $50.00 nor more than $200.00 for the first offense and not less than $300.00 nor more than $500.00 for the second and each subsequent offense ..."  In addition, "[a] separate and distinct offense is committed for each day a person continued any violation or permits any violation to exist, after having actual notice thereof."

30.    Defendant has committed a separate violation of Section 3-4-180(B) for each and every day beyond December 13, 2007.

## COUNT I - ACTION FOR A DECLARATORY JUDGMENT

31.    The City incorporates each of the above allegations by reference.

32.    The City has a clear legal interest in collecting the Tax on the sale or resale of tickets to amusements that take place in the City.

33.    The City has communicated to Defendant its position that Defendant is required to collect and remit the Tax on the sale or resale of tickets to amusements that take place in the City, pursuant to the Code provisions noted above, and Defendant has taken the position that it is not required to do so.

34.    A real and existing controversy exists as to the issue of whether Defendant is required to collect and remit the Tax on the sale or resale of tickets to amusements that take place in the City.

8

35.     A declaration by the Court, as requested below, will terminate the controversy over whether Defendant is required to collect and remit the Tax on the sale or resale of tickets to amusements that take place in the City.

36.     Resolving the controversy will avoid further litigation and other potential harm to the City and Defendant.

WHEREFORE the City respectfully requests that this Court find in its favor and against Defendant and grant the following relief:

a.       a declaration that Defendant is required to collect and remit the Tax on the sale or resale of tickets to amusements that take place in the City; and

b.       such other relief as this Court deems warranted.

## COUNT II - ACTION FOR MANDAMUS

37.     The City incorporates each of the above allegations by reference.

38.     Because Defendant facilitates the resale of tickets to amusements that take place in the City, Defendant has a duty to keep accurate books and records of its activities, and produce those books and records to the Department upon request. See Code Sections 4-156-030(B) and 3-4-180.

39.     Defendant has failed to produce its books and records within 45 days of its receipt of the City's written request for books and records.

40.     Defendant's books and records are the only source of information as to Defendant's revenues generated in connection with their facilitated resale of tickets to amusements taking place within the City.

9

41.    Unless Defendant is ordered to produce its books and records, City will suffer irreparable harm because the City will be unable to conduct an audit to determine the correct amount of Tax, interest and penalties for which Defendant is liable; and any such Tax which is due, will not be able to be collected.

WHEREFORE the City respectfully requests that this Court find in its favor and against Defendant and grant the following relief:

a.    a writ of mandamus, ordering Defendant to produce its books and records and submit to an audit by the Department; and

b.    such other relief as this Court deems warranted.

## COUNT III - VIOLATION OF CODE SECTION 3-4-180

42.    The City incorporates each of the above allegations by reference.

43.    Defendant's failure to produce its books and records constitutes a violation of Code Section 3-4-180, and each and every day constitutes a separate violation. <u>See</u> Code Section 3-4-310.

44.    The City seeks a fine of $200 for Defendant's first violation and a fine of $500 for every subsequent violation.

WHEREFORE the City respectfully requests that this Court find in its favor and against Defendant and grant the following relief:

a.    the imposition of fines in the amount of $200 for Defendant's first violation and continuing fines in the amount of $500 per day thereafter until Defendant produces its books and records to the City for inspection; and

b.    such other relief as this Court deems warranted.

10

## COUNT IV - ACTION FOR TAX, INTEREST AND PENALTIES

45.     The City incorporates each of the above allegations by reference.

46.     Defendant has failed to collect and remit the Tax due and owing as required by Code Sections 4-156-020 and 4-156-030.

47.     Pursuant to Code Section 3-4-280, the Tax is a debt due and owing by Defendant to the City.

48.     Pursuant to Code Sections 3-4-190(A), 3-4-200, 3-4-220 and 3-4-230, Defendant is also liable for interest and penalties.

WHEREFORE the City respectfully requests that this Court find in its favor and against Defendant and grant the following relief:

a.     a monetary judgment for Tax, interest and penalties, in an amount to be determined in these proceedings; and

b.     such other relief as this Court deems warranted.


DATED:     May 19, 2008                    CITY OF CHICAGO

                                          By: _____


Weston W. Hanscom
Jason L. Rubin
City of Chicago
Department of Law
Revenue Litigation Division
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602-2580
312-744-9077/4174
Attorney No. 90909

11

# EXHIBIT A



September 25, 2007

eBay
Mr. William Lasher
Senior Director, Indirect Taxes
2145 Hamilton Ave.
San Jose, CA 95125

**City of Chicago**
Richard M. Daley, Mayor

Department of Revenue

Bea Reyna-Hickey
Director

City Hall, Room 107
121 North LaSalle Street
Chicago, Illinois 60602

(312) 747-4747 (IRIS)
(312) 744-0471 (FAX)
(312) 744-2975 (TTY)
http://www.cityofchicago.org

Re:     **NOTICE TO PRODUCE RECORDS WITHIN 45 DAYS**

Dear Mr. Lasher:

Despite our requests for eBay to produce your documents and records to us in connection with our investigation of its compliance with the Chicago Amusement Tax, Chicago Municipal Code ("Code") Chapter 4-156, eBay has failed to provide us with these documents. Pursuant to Code Section 3-4-180, eBay is therefore directed to produce the following within 45 days of your receipt of this notice:

All reports, listings, compilations, or other documents relating to the sale or resale (collectively "resale") of tickets to Chicago-based events, or to the posting/listing of tickets for resale to Chicago-based events, including but not limited to, sporting events, theater events and music events, from January 1, 2000 through the date of response. The documents produced should contain the information requested below.

Specifically, for any transactions in which eBay acted as a reseller's agent, as that term is defined in Code Chapter 4-156, the documents produced should include: (a) the date of the sale, (b) the name and address of the purchaser; (c) the name and address of the person or entity listing the ticket for resale; (d) the name or description of the event; (e) the location of the event; (f) all amounts charged to the purchaser in connection with the sale; (g) all amounts charged to the person or entity listing the ticket for resale; (h) the face value of the ticket; (i) the price of the ticket as initially posted on eBay; (j) the sale price of the ticket; (k) the amount of any amusement tax collected by eBay from the purchaser or from the person or entity listing the ticket for sale or resale; (l) the amount of any amusement tax remitted by eBay to our Department; (m) an explanation of any exemption or reduced rate claimed to apply to the event, and (n) resellers certificates to document sales to other ticket brokers.

For any transactions in which eBay acted as a ticket reseller, the documents produced should include: (a) the date of the sale, (b) the name and address of the purchaser; (c) the name or description of the event; (d) the location of the event; (e) all amounts charged to the purchaser in connection with the sale; (f) the face value of the ticket, (g) the amount paid by eBay to acquire the ticket; (h) the amount of any amusement tax collected by eBay from the purchaser; (i) the amount of any amusement tax remitted by eBay to our Department; (j) an explanation of any exemption or reduced rate claimed to apply to the event, and (l) resellers certificates to document sales to other ticket brokers.

Additional information may be requested upon receipt of the above requested information. The documents discussed above must be provided to the Department within 45 days from the receipt of this notice, as per Code Section 3-4-180(A). If a







**City of Chicago**
Richard M. Daley, Mayor

**Department of Revenue**

Bea Reyna-Hickey
Director

City Hall, Room 107
121 North LaSalle Street
Chicago, Illinois 60602

(312) 747-4747 (IRIS)
(312) 744-0471 (FAX)
(312) 744-2975 (TTY)

http://www.cityofchicago.org

taxpayer fails to provide this information within those 45 days, then (1) the Director may issue a tax determination and assessment based on the best estimate of the taxpayer's tax liability; or (2) the Director may issue a subpoena duces tecum for the production of books, records, papers or memoranda. In addition, the Director may issue a citation for each day beyond the 45-day limit, or extension thereof, that the documents are not tendered and may request the City's Corporation Counsel to bring, or cause to be brought, an action to impose fines for the audit or the information requested, along with such other relief as the Court may allow. See Code Section 3-4-180(B).

If you have any questions regarding the tax discovery investigation or the information requested, you may contact either Mark Pekic at (312) 747 - 1960 or Jakov Misoski at (312) 747 - 0404. Please send all correspondence to the Chicago Department of Revenue, Tax Enforcement Unit - Attn: Jakov Misoski, DePaul Center, Suite 300, 333 South State Street, Chicago, IL 60604-3977.

Very truly yours,

Bea Reyna-Hickey
Director of Revenue
City of Chicago





# EXHIBIT B

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

eBay
Mr. William Lasher
2145 E. Hamilton Ave.
San Jose, CA 95125

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Ricardo m          ☐ Agent
                     ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)              ☐ Yes

2. Article Number
   (Transfer from service label)

   7006 0100 0003 1267 8470

PS Form 3811, February 2004.