IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO, IL,      ) | |
|       Plaintiff,      ) | |
| ) | No. 08 C 3281 |
| ) | Hon. Blanche M. Manning |
| v.      ) | |
| ) | |
| eBAY, INC.,      ) | |
|       Defendant.      ) | |

**MEMORANDUM AND ORDER**

The plaintiff, City of Chicago, filed a complaint in the Circuit Court of Cook County alleging that defendant, eBay, Inc. is liable for collecting and remitting Chicago's amusement tax on the resale of tickets to amusements sold on eBay. The defendant removed the action to this court based on diversity jurisdiction and has filed a motion to dismiss. For the reasons stated herein, the motion is granted.

**I.    Facts**

The well-pled facts are taken as true for purposes of this motion to dismiss. The defendant owns and operates the website www.ebay.com, which acts as a website for millions of customers worldwide who want to sell or buy property, including tickets to sporting and cultural events and other amusements. Before a user may either purchase or sell anything on eBay, he or she must provide eBay with his or her name, address, phone number and email address.

Pursuant to the Chicago Municipal Code, "an amusement tax is imposed upon the patrons of every amusement within the city" equal to 9%. Chicago Mun. Code § 4-156-020(A). The Code further provides that, in addition to owners and operators of an amusement, resellers of tickets and reseller's agents are responsible for collecting and remitting the amusement tax to the City.[1] Specifically, the Code states:

---

[1] Ticket resellers and "reseller's agents" are required to remit the tax "only on that portion of the ticket price that exceeds the original or face amount of the tickets." Municipal Code § 4-156-030(A). The Municipal Code further provides that a reseller's agent is not required to collect and remit the amusement tax if it provides the Department of Revenue with a written verification that the reseller is registered with the Department of Revenue and provides the Department with the reseller's tax registration number. Municipal Code § 4-156-030(F). However, "[i]n any other case involving a reseller's agent, the reseller's agent shall be primarily responsible for collecting and remitting the tax, and the reseller shall be responsible for collecting and remitting only if the reseller's agent fails to do so." *Id*. So, for example, if a reseller's agent is working with a ticket broker who must be registered with the Department of Revenue in order

> It shall be the joint and several duty of every owner, manager or operator of an amusement or of a place where an amusement is being held, and of every reseller of tickets to an amusement, *and of every reseller's agent, to secure from each patron the tax imposed by Section 4-156-020 of this article and to remit the tax to the department of revenue . . . .*

*Id.* at § 4-156-030(A)(emphasis added). The Code defines a "reseller's agent" as:

> a person who, for consideration, resells a ticket on behalf of the ticket's owner or assists the owner in reselling the ticket. The term includes but is not limited to an auctioneer, a broker or a seller of tickets for amusements, as those terms are used in 65 ILCS 5/11-42-1, and applies whether the ticket is resold by bidding, consignment or otherwise, and whether the ticket is resold in person, at a site on the Internet or otherwise.

*Id.* at § 4-156-010.

According to the city, eBay is a reseller's agent as that term is defined by the Municipal Code. The City alleges that, as a reseller's agent, eBay has "facilitated the resale of thousands of tickets to amusements taking place within the City" and that it "has failed to collect or remit the tax from any of those ticket sales. . . ." Compl. at ¶¶ 19-20.

Section 3-4-180(B) of the Municipal Code further provides that "[i]f the taxpayer or tax collector fails to provide the documents requested in subsection A of this section within the time so provided . . . . the director . . . may request the city's corporation counsel to bring, or cause to be brought, an action to impose fines for disobeying or refusing to comply with a request made under this section." Pursuant to this section, the City alleges that eBay has failed to keep accurate books and records of its activities and produce those records to the Department of Revenue upon request. *Id.* at § 4-156-030(B) and § 3-4-180.

Based on these allegations, the City's complaint alleges the following causes of action: Count I–a declaratory judgment seeking a declaration that eBay is required to collect and remit the amusement tax on the sale or resale of tickets that are sold on its website; Count II–an action for mandamus ordering the defendant to produce its books and records and submit to an audit by the Department of Revenue; Count III–a claim that eBay has violated Code § 3-4-180 requiring it to provide its books and records at the Department of Revenue's request and requesting imposition of the resulting fines; and Count IV–an action for the amusement tax, interest, and penalties on the amounts the City alleges that eBay should have collected to date pursuant to the amusement tax provision in the Code.

---

to be exempt from the ticket scalping prohibition, then the reseller's agent would not be required to collect and remit the tax.

eBay seeks to dismiss the complaint on several grounds, which the court addresses in turn.

## II.   Analysis

### A.   Is eBay a reseller's agent under the Illinois Municipal Code?

eBay first asserts that it is not a "reseller's agent" as that term is defined in the Chicago Municipal Code quoted above. Specifically, eBay contends that the Illinois General Assembly, in the Illinois Ticket and Resale Act, has expressly excluded sellers such as eBay from being deemed to be acting as reseller's agents. A brief background of the Illinois Ticket and Resale Act is necessary to understand this argument. The City has historically prohibited the "scalping" of tickets, that is, selling tickets at a price above their face value. *See* Illinois Ticket Sale and Resale Act, 720 ILCS 375/1.5(a). In 1991, however, the Illinois legislature amended the law to except from this prohibition ticket brokers who had registered with the state and followed certain requirements as set forth in the statute. 720 ILCS 375/1.5(b). In addition to other requirements, the registered ticket brokers must pay all applicable state and local taxes, including the Chicago amusement tax, in order to be exempt from the ticket scalping prohibition.[2]

In 2005, the Ticket and Resale Act was further amended to relieve from the ticket scalping prohibition any:

> reseller engaged in interstate or intrastate commerce on an Internet auction listing service duly registered with the Department of Financial and Professional Regulation under the Auction License Act and with the Office of the Secretary of State on a registration form provided by that Office. This subsection (c) applies to both sales through an online bid submission process and sales at a fixed price on the same website or interactive computer service as an Internet auction listing service registered with the Department of Financial and Professional Regulation.

720 ILCS 375/1.5(c). Thus, under this provision, resellers who list on a registered auction site like eBay are permitted to sell tickets at a price above face value. eBay contends that during the legislative debate regarding this amendment, the Illinois General Assembly considered whether to require the operator of the registered "auction listing service" (i.e., eBay) to be responsible for collecting and remitting any applicable city amusement tax, but that the General Assembly rejected that idea. Instead, eBay asserts that, under the Ticket Sale and Resale Act, it can either collect and remit all taxes *or*:

> publish[] a written notice on the website after the sale of one or more tickets that

---

[2] In 1995, the Chicago amusement tax ordinance was amended to require any ticket resellers who sell tickets above the face value to pay the city amusement tax on the entire amount above the face value of the ticket.

> automatically informs the ticket reseller of the ticket reseller's potential legal obligation to pay any applicable local amusement tax in connection with the reseller's sale of tickets, and disclose[] to law enforcement or other government tax officials, without subpoena, the name, city, state, telephone number, e-mail address, user ID history, fraud complaints, and bidding and listing history of any specifically identified reseller or purchaser upon the receipt of a verified request from law enforcement or other government tax officials relating to a criminal investigation or alleged illegal activity. . .

720 ILCS 375/1.5(c)(6)(B). Thus, the Ticket and Resale Act allows an auction listing service like eBay to either collect and remit the relevant taxes *or* publish a written notice on its website notifying the ticket reseller of its potential obligation to pay any local amusement tax associated with the sale. Under the latter provision, eBay would also be responsible for providing to government authorities upon request certain information about the reseller or purchaser.

Pursuant to the above-described provision, eBay asserts that it has registered as an internet auction listing service under the Ticket and Resale Act and has received a license from the State and a certificate from the Secretary of State evidencing its compliance with the Ticket and Resale Act. In order to become properly registered, eBay states that it was required to certify that it "does not act as an agent of users who sell items on its website, and acts only as a venue for user transactions." 225 ILCS 407/10-27(c)(1). Thus, it contends that, under the Illinois Ticket and Resale Act, it cannot be considered a "reseller's agent" for purposes of the relevant provision of the Chicago Municipal Code.

The City responds that its home rule authority to tax eBay is not limited by the above-quoted provisions of the Illinois Ticket Sale and Resale Act because the statute does not expressly limit the city's home rule authority. 5 ILCS 70/7 ("No law enacted after January 12, 1977, denies or limits any power or function of a home rule unit, . . . unless there is specific language limiting or denying the power or function and the language specifically sets forth in what manner and to what extent it is a limitation on or denial of the power or function of a home rule unit."); *see also City of Chicago v. Roman*, 705 N.E.2d 81, 90 (Ill. 1998)("The General Assembly can not only specifically declare the state's exercise of power to be exclusive, but it can also specifically limit by law the home rule unit's concurrent exercise of power.").

Both sides acknowledge that the City generally has broad home rule authority under the Illinois Constitution to impose taxes. Ill. Const., section 6(a), art. VII ("[A] home rule unit may exercise any power and perform any function pertaining to its government and affairs, including, but not limited, the power to . . . tax . . ."). eBay contends, however, that the City's home rule authority in this context is subject to preemption by the Illinois General Assembly.

Specifically, eBay contends that section 6a of the Municipal Retailers' Occupation Tax Act ("MROT Act"), 65 ILCS 5/8-11-6a, preempts the City's home rule authority to place an amusement tax on the resale of tickets. The relevant portion of the MROT Act states that:

>on and after September 1, 1990, no home rule municipality has the authority to impose, pursuant to its home rule authority, a retailer's occupation tax, service occupation tax, use tax, sales tax *or other tax on the use, sale or purchase of tangible personal property based on the gross receipts from such sales or the selling or purchase price of said tangible personal property.*

65 ILCS 5/8-11-6a (emphasis added). According to eBay, tickets are tangible personal property. *See Mr. B's v. City of Chicago*, 706 N.E.2d 1001, 1005-06 (Ill. App. Ct. 1998)("Chicago's amended amusement tax ordinance, as applied to ticket brokers, constitutes a sales transaction of a tangible good."). Thus, eBay argues, because the amusement tax is based on the ticket's purchase price, the City does not possess home rule authority to impose such a tax pursuant to 65 ILCS 5/8-11-6a, quoted above.

The City's arguments in response are unpersuasive. First, the City argues that the referenced preemption section does not apply because the amusement tax is a tax on the privilege of viewing an amusement–not on the sale of tangible personal property. According to the City, the amusement tax "would apply to the amount paid by a patron for the privilege of viewing an amusement even if no physical ticket were used." City's Response at 9. In support, the City points to the language of the amusement tax ordinance which states that "[t]he rate of the tax shall be equal to nine percent of the admission fees or other charges paid *for the privilege to enter, to witness, to view or to participate in such amusement*." Municipal Code, § 4-156-020 (emphasis added). However, the court is not persuaded by this argument in light of the holding of *Mr. B's* that "Chicago's amended amusement tax ordinance, as applied to ticket brokers, constitutes a sales transaction of a tangible good." *Mr. B's*, 706 N.E.2d at 1005-06.

The City next argues that the preemption section in the MROT, § 6a, was not intended by the General Assembly to preempt any home rule amusement taxes.[3] Rather, it asserts that the §

---

[3] This argument is not raised in the parties' briefs in this case. Instead, this argument is taken from the City's motion to reconsider that was filed in another (very similar) case pending before Judge Andersen captioned *City of Chicago v. Stub Hub*, No. 08 C 3284 (N.D. Ill.). From what this court can tell, the exact same issues that are being litigated in this case are also being litigated in front of Judge Andersen in the *StubHub* case. On March 30, 2009, Judge Andersen issued a ruling granting Stub Hub's motion to dismiss the case on the ground that the City lacks authority under State law to impose an obligation on StubHub to collect and remit the amusement tax. *See StubHub*, 08 C 3284, Dkt. #51. StubHub, whose parent company is eBay, is represented by the same lawyers as eBay. Likewise, the same corporation counsel are representing the City in both cases. Thus, it should come as no surprise that the briefs in this case are strikingly similar to the briefs filed in the *StubHub* case. eBay moved to submit Judge Andersen's ruling as supplemental authority in this case. The City did not object on the ground that the court also consider its motion for reconsideration, Dkt. #58 (08 C 3284), in that case. The court has thus considered Judge Andersen's rulings and the City's brief in support of its

6a of the MROT was intended to prevent localities from imposing other sales taxes, not amusement taxes. But this argument runs contrary to the express language of § 6a, which states that:

> on and after September 1, 1990, no home rule municipality has the authority to impose, pursuant to its home rule authority, a retailer's occupation tax, service occupation tax, use tax, sales tax *or other tax* on the use, sale or purchase of tangible personal property based on the gross receipts from such sales or the selling or purchase price of said tangible personal property.

65 ILCS 5/8-11-6a (emphasis added). The court is bound by the plain language of the statute. *People v. Howard*, --- N.E.2d ----, 2009 WL 711121, at *2 (Ill. Mar. 19, 2009)("Where the language of the statute is clear and unambiguous, this court must apply it as written, without resort to further aids of statutory construction.")(citation omitted). The use of the term "other tax" is unambiguous and includes taxes other than those listed, including sales taxes, use taxes, and occupation taxes.

      B.      <u>Other statutory authority to tax</u>

The City asserts that even if its home rule authority is preempted for the reasons discussed above, it still can impose whatever taxes the General Assembly has granted municipalities the power to impose. Specifically, the City contends that it can tax eBay as both a "broker" and an "auctioneer" as provided under Illinois law. 65 ILCS 5/11-42-1 allows the City to "license, tax, and regulate *auctioneers*, private detectives, demolition contractors, money changers, bankers, [and] *brokers other than insurance brokers*. . . ." *Id*. (emphasis added).

The Illinois Appellate Court's decision in *Mr. B's*, which is mentioned earlier, is instructive here. In *Mr. B's*, ticket resellers challenged as unconstitutional the City's assessment of the amusement tax on the price the ticket resellers received above face value. The *Mr. B's* court expressly rejected the City's contention that "brokers" as it is used in § 11-42-1, quoted above, referred to ticket brokers. As the Illinois Appellate Court noted, the statute before it, the Ticket Scalping Act, "refers to ticket brokers as engaging in the sale of tickets. . . .[which] description clearly parallels the mention of 'sellers of tickets' in 11-42-1." *Mr. B's*, 706 N.E.2d at 1007-08. Because the Ticket Scalping Act did not refer to ticket brokers as brokers, but rather as sellers of tickets, the court concluded that the term "brokers" as used in 11-42-1 did not include ticket brokers. The Illinois Appellate Court concluded that "it [was] clear that the legislature contemplated other brokers such as real estate brokers." *Id.* at 1007.

For the same reasons, the court concludes that brokers as it is used in § 11-42-1 does not refer to entities such as eBay. In the Ticket and Resale Act, the statute refers to entities such as eBay as "internet auction listing services," not brokers. Moreover, as noted by the City, the

---

motion for reconsideration in ruling on the instant motion.

Illinois Supreme Court has defined broker as it is used in § 11-42-1 as an "agent who bargains or carries on negotiations in behalf of his principal as an intermediary . . . ." *Village of Itasca v. Luehring*, 123 N.E.2d 312, 315 (Ill. 1954). But, in its complaint, the City does not allege that eBay is acting as anyone's agent in order to "bargain or carry on negotiations." Rather, the City alleges that eBay simply provides "sellers with online tools to facilitate the sale of their items. . . ." Complaint at ¶13. The court finds no basis on which to conclude that an "internet auction listing service" such as eBay is a broker under § 11-42-1.

The court reaches the same conclusion with respect to the City's contention that eBay is an "auctioneer" under § 11-42-1. Under the Illinois Auction License Act, an "auctioneer" is required to obtain a license from the Department of Financial and Professional Regulation. Tellingly, however, the Auction License Act specifically exempts "internet auction listing services" from the requirements of the Act, except that they have to register as "internet auction listing services" with the Department. Thus, the Illinois Auction License Act expressly distinguishes between "auctioneers" and "internet auction listing services." Given this distinction, the court finds no basis on which to conclude that the term "auctioneer" under § 11-42-1 includes internet auction listing services like eBay.

Moreover, the City's argument that it retains statutory authority to impose the tax is directly contradicted by the language of the Ticket and Resale Act, which expressly included "internet auction listing services" in the scalping exemption and relieved such entities from collecting and remitting the local amusement tax as long as they "publish[] a written notice on the website after the sale of one or more tickets that automatically informs the ticket reseller of the ticket reseller's potential legal obligation to pay any applicable local amusement tax in connection with the reseller's sale of tickets. . . ." 720 ILCS 375/1.5(c)(6)(B).

The plain language of the statute comports with the legislative history which indicates that the General Assembly expressly rejected the idea that auction internet listing services would be required to collect and remit the amusement tax. For example, in debating the amendment regarding internet auction listing services, one of the sponsors of the bill stated that requiring an internet auction listing service to collect and remit the amusement tax would be "like saying the landlord of a small business needs to make sure that the small business is paying their sales tax." Senate Hearing on H.B. 873, Ill. Gen. Assembly, 94th Sess., Sen. Tr. 19 (May 19, 2005)(statement of Sen. Harmon). In addition, Representative Saviano stated the following during the House debate:

> If the City of Chicago becomes aware of an eBay user or specific group of eBay users who are habitually failing to remit and collect the city's tax or avoiding their obligations through false user names, then the Bill gives the city the right to obtain from eBay that user's real name, address and transaction history upon submitting a specific request to eBay. From this information, the city may pursue whatever legal action it deems necessary to collect any back taxes or prosecute the user or users for fraud. In addition, if the city has confirmed and informed eBay in writing that a user or a group of specific users have been habitually skirting their

>  obligations, then eBay, StubHub and Ticketmaster have committed, throughout the process of negotiating this Bill, to suspend or terminate that user or users' privileges.

House Debate on H.B. 873, Ill. Gen. Ass., 94th Sess., H.R. Tr. 130-31 (Apr. 15, 2005). Accordingly, the court grants eBay's motion to dismiss. *See* March 30, 2009, Memorandum and Order, *City of Chicago v. StubHub, Inc.*, 08 C 3284, Dkt. #51 at 9 (Andersen. J.)(granting StubHub's motion to dismiss and concluding that "the City lacks the authority under State law to impose any additional obligation on StubHub to collect and remit the amusement tax").

### III.    Conclusion

Because the court grants eBay's motion to dismiss on state law grounds, it need not address eBay's alternative bases for dismissal. For the reasons stated herein, the motion to dismiss [24-1] is granted. Civil case terminated. The court is directed to enter a Rule 58 judgment and remove this case from its docket.

**ENTER**:

DATE:  December 21, 2009

*/s/ Blanche M. Manning*

**Blanche M. Manning**
**United States District Court Judge**